**K&L GATES LLP**
*Christopher A. Barbarisi, Esq.*
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
*Attorneys for Plaintiff American*
*Water Operations and Maintenance, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMERICAN WATER OPERATIONS AND MAINTENANCE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>DEFENSE LOGISTICS AGENCY ENERGY,<br><br>    Defendant. | Civil Action No.<br><br>**VERIFIED COMPLAINT TO SET ASIDE AGENCY DECISION TO RELEASE INFORMATION PURSUANT TO FOIA AND FOR INJUNCTIVE RELIEF** |

Plaintiff, American Water Operations and Maintenance, Inc. ("Plaintiff" or "American Water"), by and through its undersigned counsel, submits this Verified Complaint in the nature of a Reverse Freedom of Information Act ("FOIA") suit against Defendant Defense Logistics Agency Energy ("Defendant" or "DLA").

**NATURE OF THE CASE**

1.      American Water seeks judicial review pursuant to the Administrative Procedure Act, 5 U.S.C. §700 *et seq.*, of a final agency decision to release Plaintiff's confidential and proprietary commercial and financial information (including cost and pricing information) related to Contract No. SP0600-14-C-8290 pursuant to the FOIA and to temporarily and permanently enjoin Defendant from releasing such information.

2. On March 20, 2014, in response to a specific FOIA request made by Jamie F. Tabb of Vinson & Elkins, LLP, DLA made the decision to disclose American Water's proprietary trade secret and confidential commercial and financial information (hereinafter referred to as the "Confidential Pricing Information"). The Confidential Pricing Information includes three specific types of confidential cost and pricing information from the Contract: (1) pricing and price-related information relating to ongoing operational costs, (2) pricing and price-related information relating to ongoing repair and replacement costs, and (3) pricing and price-related information relating to capital expenditures. The Confidential Pricing Information is reflected in the line-item pricing found in the Contract and elsewhere in the Contract as indicated by American Water in its February 19th response to DLA's February 10th notification of the FOIA Request.

3. The disclosure of the Confidential Pricing Information is scheduled to occur on March 30, 2014, and will likely result in American Water's Confidential Pricing Information becoming available to its commercial competitors and other persons or entities that request the Confidential Pricing Information under the FOIA. American Water has gone to great efforts to protect its Confidential Pricing Information from release and would not otherwise make it available to the public. DLA's disclosure of this information will cause substantial and irreparable competitive harm to American Water.

4. The Confidential Pricing Information at issue is exempt from mandatory disclosure under Exemption 4 of the FOIA, 5 U.S.C. § 552(b)(4). Public disclosure of the Confidential Pricing Information would also violate the Trade Secrets Act, 18 U.S.C. § 1905.

5. The procedures used by DLA to make its decision to release American Water's Confidential Pricing Information did not adequately consider American Water's legitimate

claims of exemption. This failure by DLA violates the FOIA, 5 U.S.C. § 552(b)(4) and the Trade Secrets Act, 18 U.S.C. § 1905.

6.  American Water respectfully requests that this Court declare DLA's March 20, 2014 decision to be unlawful because the Confidential Pricing Information at issue is trade secret or confidential commercial or financial information that is exempt from disclosure under the FOIA, and because the decision to release it was arbitrary and capricious. Accordingly, American Water asks that this Court set aside DLA's March 20, 2014 decision and permanently enjoin DLA from releasing the requested confidential and pricing information.

## PARTIES

7.  Plaintiff American Water is a Texas corporation with its principal place of business at 1025 Laurel Oak Road, Voorhees, New Jersey 08043. American Water operates as a wholly-owned subsidiary of American Water Enterprises, Inc., which in turn is a wholly-owned subsidiary of American Water Enterprises Holding, Inc. which in turn is a wholly-owned subsidiary of American Water Works Company, Inc., a publicly traded Delaware corporation. American Water contracts for design, building and/or operation of water and wastewater facilities and operations, maintenance, and management of water and wastewater facilities in the United States. American Water is responsible for the performance and administration of the contract at issue.

8.  Defendant DLA is an executive agency of the United States, as defined by 5 U.S.C. § 701(b)(1), and is located at Fort Belvoir, Virginia. DLA has possession of and control over trade secret and confidential commercial or financial information that American Water seeks to protect from disclosure. The declaratory and injunctive relief requested herein extends to and includes all officers, employees, and agents of DLA.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States, including the Freedom of Information Act, 5 USC § 552; the Trade Secrets Act, 18 U.S.C. § 1905; the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

10. The Court has personal jurisdiction over DLA because it conducts business throughout the United States, including in New Jersey, it entered into the contract at issue with a company that has its principal place of business in New Jersey, and the harm caused to American Water by the release of the Confidential Pricing Information will occur in New Jersey.

11. Venue is proper in this Court under 28 U.S.C. § 1391(e).

## FACTUAL BACKGROUND

12. This matter involves Contract No. SP0600-14-C-8290 (the "Contract") entered into by American Water and DLA pursuant to the Department of Defense's Utility Privatization ("UP") program, which Contract has an effective date of January 9, 2014. Under the UP program, private companies and municipal entities are transferred ownership of water, wastewater, gas, electric, or steam utilities on military installations in conjunction with an award of a competitively bid 50 year service contract for the provision of operations and maintenance, repair and replacement, and capital upgrade to the utility system.

13. Under the Contract, American Water was conveyed ownership of previously government-owned utility systems and facilities, and, in exchange, agreed to provide reliable water and wastewater treatment utility services for Hill Air Force Base, Utah, for a maximum period of 50 years.

14. The Contract contains Confidential Pricing Information, including line-item pricing for particular goods and services provided under the Contract in Section B.1. As it was American Water's choice to initially provide a bid to DLA for the Contract, the line-item pricing and detailed financial and pricing information was provided by American Water to DLA on a voluntary basis. Many of the line-item-priced items are substantially composed of the costs of materials and services American Water procures from other vendors.

15. American Water provides water, and wastewater treatment utility services to the Department of Defense, DLA, and other government entities pursuant to ten different UP contracts. The services included in the Contract are either identical or similar to services provided by American Water to DLA on other contracts under the UP program, and to other government and commercial customers. American Water anticipates competing for future government contracts under the UP program. Due to the fact that the UP program is based on the privatization of utility systems on military installations, there is a finite number of contracts that can be obtained. Award of new UP contracts will likely conclude later this decade, as all military installations will have had their utility services either privatized through the UP program or exempted from privatization in accordance with specific provisions within the UP Program.

16. Each individual element of American Water's pricing method and strategy in competing for government contracts awarded under the UP project is proprietary and confidential. The Confidential Pricing Information and pricing strategy developed solely by American Water provided it with a competitive advantage when it participated in the bidding process for the Contract at issue.

17. By letter dated February 10, 2014, Defendant DLA notified American Water of a FOIA request by Jamie F. Tabb of Vinson & Elkins, LLP, for a copy of the Contract and all modifications thereto (the "FOIA Request").

18. The February 10, 2014 letter stated that "FOIA requires that we release all parts of a record that are not exempt from mandatory disclosure under any one of the nine FOIA exemptions," and accordingly instructed American Water to review the Contract for information protected under Exemption 4 of the FOIA, "which protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential." If American Water objected to the release of any information in the Contract, Defendant DLA requested that American Water "(1) highlight and initial the information at issue and (2) provide detailed written comments that establish how the release of that information would likely cause your company substantial harm." Defendant DLA further stated that it "consider[s] the information submitted by your company to be required, and we will accordingly apply the National Parks 498 F. Supp. 2d 165, 171 (D.D.C. 2004) standards for making our release determination."

19. By letter dated February 19, 2014, American Water responded to Defendant DLA's February 10, 2014 letter and objected to release of its confidential commercial and financial information. In the February 19, 2014 letter, American Water abided by Defendant DLA's instructions and highlighted certain portions of the Contract that contained trade secrets and confidential commercial and financial information. For the highlighted sections, American Water provided factual and legal grounds supporting its objection to Defendant DLA's release of Confidential Pricing Information pursuant to the FOIA Request.

20. By letter dated March 20, 2014, Defendant DLA notified American Water that portions of the information American Water sought to protect from disclosure failed to "qualify

for withholding due to any combination of the following: (1) the information is publicly available and is thus not 'confidential' under the FOIA; (2) DLA Energy could not conclude from your response or from its own analysis that the release of a specific piece of information would pose a likelihood of substantial competitive harm; or (3) DLA Energy disagrees that the release of a given piece of information would pose a likelihood of substantial competitive harm." Defendant DLA further stated that "[t]his last factor is especially applicable to the Section B information because in contracts of the kind that are at issue here, the pricing and associated information is unique to a site and thus could not be used by a competitor to create a winning bid for work on a different site." Accordingly, over American Water's objections, Defendant DLA stated that it "will release the Records to the requester promptly after 10 calendar days from the date of this letter, unless DLA Energy receives a notice from a United States District Court that it, DLA Energy, is enjoined from doing so."

21.  The March 20, 2014 letter does not include evidence of adequate consideration of American Water's factual and legal analysis supporting its position that the Confidential Pricing Information at issue is confidential commercial information constituting trade secrets or confidential commercial or financial information that is exempt from disclosure. Defendant DLA does not adequately show how the information would be ineffective in the hands of American Water's competitors in their efforts to defeat American Water in upcoming bidding competitions. Moreover, there is no evidence that Defendant DLA even considered potential repeat procurement opportunities that are consistently the same in the scope and nature of the work to be performed, as specifically discussed in American Water's letter of February 19, 2014. Indeed, Defendant DLA has provided no evidence rebutting or addressing American Water's

factual and legal reasoning that the Confidential Pricing Information is confidential commercial information, the release of which will likely cause American Water substantial competitive harm.

22. At all relevant times, American Water has considered information sought by the FOIA Request to be confidential and proprietary commercial and financial information within the meaning of the FOIA and has protected it as such. American Water has also considered the Confidential Pricing Information at issue to be protectable trade secret information within the meaning of the Trade Secrets Act and has protected it as such. None of the information sought by the FOIA Request is of a type that American Water customarily would release to the public. Specifically, American Water expressly restricts the use of the Confidential Pricing Information, which restriction is repeated throughout American Water's proposal in response to the RFP. Further, American Water has enacted a code of ethics that restricts the disclosure of such Confidential Pricing Information and subjects any violator of the code to disciplinary action. American Water also requires its subcontractors or prospective partners to submit to non-disclosure agreements and/or confidentiality provisions within their subcontract.

23. As the March 20, 2014 letter states, it constitutes "DLA Energy's final determination" to deny confidential commercial and financial information protection for the Confidential Pricing Information contained in the Contract, and to disclose the information to the public. This is a final agency action against which relief is sought.

24. Disclosure of the Confidential Pricing Information sought by the FOIA Request will cause substantial and irreparable competitive harm to American Water because it will provide American Water's competitors and commercial customers insight into the criteria for American Water's unit and vendor pricing strategy and markups in bidding for contracts under the UP program, thus providing a roadmap for competitors on how to undercut American

Water's pricing on future UP procurements. Because American Water's work under its ten UP contracts constitutes a substantial portion of American Water's business and American Water intends to compete for additional procurements under the UP program, release of this information would likely cause substantial harm to American Water's competitive standing. Competition for contracts awarded under the UP program is fierce and American Water's ability to compete in this industry is dependent upon the development and use of the Confidential Pricing Information which, if disclosed to the public, would reveal American Water's proprietary pricing strategy and provide American Water's competitors with an unfair competitive advantage against American Water in anticipated future projects.

25. A policy of disclosing the kind of Confidential Pricing Information requested by the FOIA Request would also impair the ability of the Government to obtain such information in the future. Such a policy would diminish the confidence of contractors, such as American Water, that confidential financial and pricing information they submit to the government will not be disclosed to the public. This would likely result in reduced participation in federal procurement and higher overall prices to the Government.

### COUNT ONE

#### Violation of the Administrative Procedure Act by Defendant's Unlawful Disclosure of Plaintiff's Trade Secrets

26. Plaintiff American Water hereby incorporates by reference the allegations in Paragraphs 1 through 25 of its Verified Complaint as if fully set forth herein.

27. The March 20, 2014 letter setting forth Defendant DLA's decision to release American Water's technical and financial information is a final agency action within the meaning of 5 U.S.C. § 704, and is therefore a reviewable action as defined by the Administrative Procedure Act.

28. The FOIA authorizes agencies to disclose certain information upon a request for records. 5 U.S.C. § 552(a). Exemption 4 of the FOIA, however, exempts *inter alia* trade secrets or privileged or confidential commercial or financial information, release of which would cause substantial competitive harm.

29. The Trade Secrets Act provides, among other things, that any government officer or employee who publishes, discloses, or makes known in any manner, or to any extent not authorized by law any information received in the course of employment that relates to trade secrets, confidential statistical data, or amounts of any income, profits, or losses, shall be fined or imprisoned, and shall be removed from office or employment. 18 U.S.C. § 1905. Moreover, when cost and pricing information falls within Exemption 4 of the FOIA, the government is prohibited from releasing it under the Trade Secrets Act.

30. The information requested by the FOIA Request contains Plaintiff American Water's trade secrets within the meaning of the Trade Secrets Act, 18 U.S.C. § 1905. The Confidential Pricing Information is also commercial or financial information that is privileged or confidential.

31. In its decision, DLA does not address or explain the basis for rejection of American Water's claim that the Confidential Pricing Information is commercial or financial information that is privileged or confidential or trade secret information.

32. American Water will suffer irreparable harm if Defendant DLA publicly discloses Plaintiff's Confidential Pricing Information.

33. The March 20, 2014 letter states that Defendant DLA will release the Confidential Pricing Information on or around March 30, 2014. This release of trade secret information will violate the Trade Secrets Act.

34.   DLA's decision to release the Confidential Pricing Information is unlawful because it is in excess of statutory jurisdiction, authority, or limitations, or short of statutory rights within the meaning of 5 U.S.C. § 706(2)(c). It is also unlawful because it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law within the meaning of 5 U.S.C. § 706(2)(a). Accordingly, this Court should set aside the decision as set forth in the March 20, 2014 letter from DLA and permanently enjoin Defendant DLA from releasing the Confidential Pricing Information.

## COUNT TWO

**Violation of the Administrative Procedure Act by DLA's Arbitrary and Capricious Decision, Contrary to the Administrative Record, that Disclosure of Plaintiff's Confidential Commercial or Financial Information Would Not Cause Substantial Competitive Harm to the Plaintiff**

35.   Plaintiff American Water hereby incorporates by reference the allegations in Paragraphs 1 through 34 of its Verified Complaint as if fully set forth herein.

36.   The March 20, 2014 letter setting forth Defendant DLA's decision to release American Water's technical and financial information is a final agency action within the meaning of 5 U.S.C. § 704, and is therefore a reviewable action as defined by the Administrative Procedure Act.

37.   American Water submitted to DLA in response to the FOIA Request the grounds on which it concluded that release of the Confidential Pricing Information would cause it substantial competitive harm. The DLA action rejecting this assertion of substantial competitive harm based on "its own analysis" is without factual foundation and is contrary to the administrative record. Thus, it is arbitrary and capricious.

38.   American Water will suffer irreparable and substantial competitive harm if Defendant DLA releases American Water's Confidential Pricing Information.

39. DLA's decision to release the Confidential Pricing Information is unlawful because it is in excess of statutory jurisdiction, authority, or limitations, or short of statutory rights within the meaning of 5 U.S.C. § 706(2)(c). It is also unlawful because it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law within the meaning of 5 U.S.C. § 706(2)(a). Accordingly, this Court should set aside DLA's decision as set forth in the March 20, 2014 letter and permanently enjoin Defendant DLA from releasing the Confidential Pricing Information.

## COUNT THREE

### Violation of the Administrative Procedure Act: DLA's Change of Policy with Respect to the Release of Pricing Information of the Type at Issue Without Reasoned Explanation Was Arbitrary and Capricious

40. Plaintiff American Water hereby incorporates by reference the allegations in Paragraphs 1 through 39 of its Verified Complaint as if fully set forth herein.

41. The March 20, 2014 letter setting forth Defendant DLA's decision to release American Water's technical and financial information is a final agency action within the meaning of 5 U.S.C. § 704, and is therefore a reviewable action as defined by the Administrative Procedure Act.

42. On three previous occasions, in response to American Water's requests, DLA agreed to withhold from disclosure the same or substantially similar type of information that is sought by the FOIA Request. American Water relied on DLA's prior policy and/or procedures in submitting the Confidential Pricing Information.

43. The March 20, 2014 letter from DLA stating that it will release American Water's proprietary and confidential financial material did not provide a reasoned explanation for the

policy change that demonstrates a rational connection between the facts found and the choice made.

44. DLA has yet to provide any facts, legal argument, or reasoning in opposition to American Water's assertion that the Confidential Pricing Information is exempt from disclosure.

45. DLA's decision to release American Water's Confidential Pricing Information is in direct contradiction to DLA's previously established practice and DLA has not adequately explained a basis for its change in practice. Thus, DLA's decision to release the Confidential Pricing Information is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

46. American Water will suffer irreparable and substantial competitive harm if Defendant DLA releases American Water's Confidential Pricing Information.

47. DLA's decision to release the Confidential Pricing Information is unlawful because it is in excess of statutory jurisdiction, authority, or limitations, or short of statutory rights within the meaning of 5 U.S.C. § 706(2)(c). It is also unlawful because it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law within the meaning of 5 U.S.C. § 706(2)(a). Accordingly, this Court should set aside DLA's decision as set forth in the March 20, 2014 letter and permanently enjoin Defendant DLA from releasing the Confidential Pricing Information.

**REQUESTED RELIEF**

**WHEREFORE,** Plaintiff American Water respectfully requests that this Court:

A. Enter judgment setting aside DLA's decision to release the Confidential Pricing Information at issue because (1) it was trade secret information or privileged and confidential commercial or financial information exempt from the FOIA and barred from release by the Trade

Secrets Act, (2) the decision to disclose American Water's Confidential Pricing Information was arbitrary and capricious and will cause American Water substantial competitive harm, and (3) DLA's change of policy regarding the release of pricing information was without foundation or explanation and was in direct contradiction with DLA's previously established practices, thus arbitrary and capricious, an abuse of discretion, and/or not in accordance with law;

  B. Preliminarily and permanently enjoin Defendant DLA and its officers, agents, and employees, from disclosing the Confidential Pricing Information at issue; and

  C. Grant such other and further relief, either legal or equitable, as this Court deems just and proper.

          Respectfully submitted,

          AMERICAN WATER OPERATIONS AND
          MAINTENANCE, INC.

          By their attorneys,

          /s/ Christopher A. Barbarisi
          Christopher A. Barbarisi
          K&L Gates LLP
          One Newark Center, Tenth Floor
          Newark, NJ 07102
          Tel: (973) 848-4000
          Fax: (973) 848-4001
          Email: christopher.barbarisi@klgates.com

          Richard A. Kirby (*pro hac vice* motion pending)
          K&L Gates LLP
          1601 K Street NW
          Washington D.C. 20006-1600
          Telephone: (202) 661-3730
          Facsimile: (202) 778-9100
          Email: richard.kirby@klgates.com

          *Attorneys for Plaintiff American Water Operations and Maintenance, Inc.*

DATED March 28, 2014

## VERIFICATION

I am President of the Military Services Group of American Water Enterprise, Inc., the parent company of Plaintiff American Water Operations and Maintenance, Inc. The factual allegations in the foregoing Complaint that relate or refer to American Water Operations and Maintenance, Inc. are true to my own knowledge. I verify under penalty of perjury that the foregoing is true and correct.

Executed this 27thday of March 2014 in Mount Laruel, New Jersey.

_____
James F. Sheridan
President, Military Services Group
American Water Enterprise, Inc.